**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Bryan Simons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 8:11-cv-03180-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Wal-Mart Stores East, L.P., and ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Defendant Bank of America, N.A.'s ("Bank of America") Motion To Dismiss the Amended Cross Claim [Dkt. No. 32] filed by Defendant, Wal-Mart Stores East, L.P ("Wal-Mart"). For the reasons discussed below, the court denies the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of a lawsuit filed by Plaintiff Brian Simons ("Simons") against Wal-Mart and Bank of America. Simons maintained a checking account with Bank of America. Upon his move from Columbia, South Carolina, to Hopkins, South Carolina, in September of 2004, Simons requested that Bank of America issue him new checks with his new address printed on them and mail those checks to his new address in Hopkins. Bank of America mistakenly printed the checks with Simons's former Columbia address and mistakenly mailed the misprinted checks to his Columbia address. Simons claims that he first learned that his checks had been misprinted and mistakenly delivered to the wrong address in October of 2004.

1

On or about November 1, 2004, Simons learned from the Lexington County Sheriff's Department that there were six (6) outstanding warrants for his arrest on charges of issuing fraudulent checks. Simons claims that he notified Bank of America about the issuance of the fraudulent checks, and that Bank of America agreed not to honor any of the stolen checks or hold Simons responsible in the event another party used any of the other misdelivered checks. Bank of America also provided Simons with an Affidavit of Forgery to submit to the Lexington County Sheriff's office. Lexington County subsequently dropped the charges when they received reports of the stolen checks.

Between October 12, 2004, and October 20, 2004, a person identifying himself as David H. Montgomery and using a South Carolina driver's license bearing that name presented three of Simons's misprinted checks to Wal-Mart for the payment of goods and services. When Wal-Mart presented these checks to Bank of America for payment, Bank of America declined payment and returned the checks to Wal-Mart marked either "Refer to Maker" or "Stop Payment." Bank of America allegedly failed to notify Wal-Mart that the checks were forgeries. Simons claims he was not made aware of these fraudulent checks either.

In March of 2005, a Wal-Mart employee signed three (3) affidavits stating that Simons had issued the three fraudulent checks. Based on these affidavits, warrants were issued for Simons's arrest. Simons was arrested on September 17, 2010, while he was being treated at the hospital following a car accident. Upon release from the hospital, Simons was taken to the Newberry County Jail where he was detained overnight. He was released the next day. At Simons's criminal trial for check fraud, he was found not guilty on all charges.

Simons subsequently filed the current action against Wal-Mart and Bank of America seeking damages for injuries he suffered including but not limited to public humiliation suffered as a result of his false arrest, loss of income, and the cost of defending the false accusations against him. Simons's Second Amended Complaint [Dkt. No. 27] brings negligence claims against Wal-Mart (Count I) and against Bank of America (Count II); a breach of contract claim against Bank of America (Count III); and a false imprisonment/arrest claim against Wal-Mart (Count IV). Wal-Mart filed two cross claims against Bank of America. The first seeks equitable indemnification on the grounds that, if negligence is found to have caused Simons's injuries, such negligence is attributable solely to Bank of America. Wal-Mart's second cause of action asserts a right to apportionment or contribution from Bank of America in the event Wal-Mart is found negligent. Bank of America subsequently filed the instant motion, arguing that it owed no duty to Wal-Mart[1], that its acts did not proximately cause Simons's injuries, and that Simons's claim is essentially a negligent enablement of imposter fraud action, which is not a recognized tort in South Carolina[2].

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not

---

[1] Bank of America claims that, because Wal-Mart is not a customer, it owes the store no duty. Wal-Mart does not dispute this fact and its cross claims are not dependant on a theory that Bank of America acted negligently toward Wal-Mart.

[2] Bank of America's arguments regarding proximate cause and negligent enablement of imposter fraud are nearly identical to the arguments made in its Motion to Dismiss Count II (Negligence) of Plaintiff's Second Amended Complaint [Dkt. No. 29].

require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

**A.  Proximate Cause**

To recover for negligence, a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty by the defendant, (3) an injury, and (4) proximate cause.  *See Bullard v. Ehrhardt,* 283 S.C. 557, 324 S.E.2d 61 (1984).   Negligence is not actionable unless it is the proximate cause of the injury.  *Bishop v. S. Carolina Dept. of Mental Health*, 331 S.C. 79, 88, 502 S.E.2d 78, 83 (1998).  Proximate cause requires proof of both cause in fact – that the injury would not have occurred but for the defendant's negligence – and legal cause, which requires proof that the injury was foreseeable.  *Oliver v. S. Carolina Dept. of Highways & Pub. Transp.*, 309 S.C. 313, 316, 422 S.E.2d 128, 130-31 (1992). Establishing foreseeability requires an inquiry into "the natural and probable consequences of the complained of act."  *Bishop*, 331 S.C. at 89, 502 S.E.2d at 83 (citing *Koester v. Carolina Rental Ctr., Inc.,* 313 S.C. 490, 443 S.E.2d 392 (1994)).  The defendant's negligence need not be the sole proximate cause of the injury, but the plaintiff must prove that defendant's negligence was at least one of the proximate causes of the injury.  *Id.*

"The intervening negligence of a third person will not excuse the first wrongdoer if such intervention ought to have been foreseen in the exercise of due care."  *Bishop*, 331 S.C. at 89, 502 S.E.2d at 83 (1998).  Here again, the issue is one of foreseeability; "where the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in light of the attendant circumstances," then the defendant is not absolved of its liability.  *Id.*

5

Foreseeability is also crucial to the proximate cause analysis in situations where the intervening act is criminal in nature. "The general rule is 'that when, between negligence and the occurrence of an injury, there intervenes a willful, malicious, and criminal act of a third person producing the injury, but that such was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken.'" *Cody P. v. Bank of Am., N.A.*, 395 S.C. 611, 620-21, 720 S.E.2d 473, 478 (Ct. App. 2011), *reh'g denied* (Dec. 12, 2011) (*quoting Stone v. Bethea,* 251 S.C. 157, 162, 161 S.E.2d 171, 173–74 (1968)). The negligent party is not expected to foresee unpredictable events. *Shepard v. S.C. Dep't of Corr.,* 299 S.C. 370, 375, 385 S.E.2d 35, 37 (Ct. App. 1989). Further, the actor need not have "contemplated the particular chain of events that occurred, but only that the injury at the hand of the intervening party was within the general range of consequences which any reasonable person might foresee as a natural and probable consequence of the negligent act." *Id*.

Bank of America contends that it could not have reasonably foreseen that in sending Simons's checks to his old address, the checks would fall into the hands of a thief and that Simons would later be arrested and tried for the fraudulent issuance of those checks. Bank of America further asserts that it could not have foreseen that Wal-Mart employees would accept checks as payment from a person bearing a different name than the one printed on the checks and further, that a Wal-Mart employee would wrongly identify Simons as the person who issued those checks. Bank of America argues that either act or the combined effect of both acts is sufficient to break the chain of causality between its negligent acts and Simons's injuries.

At this early stage in the litigation, whether Bank of America could have foreseen the intervening criminal act or the intervening negligent acts of Wal-Mart's employees is a factual question.  Further factual development could demonstrate that Bank of America could have anticipated a scenario like the one presented here.  Alternatively, additional facts may demonstrate that similar scenarios are "sufficiently rare" such that Simons's injuries "cannot be considered the 'natural and probable consequences'" of Bank of America's alleged acts and omissions.  *Hill, By & Through Covington v. Briggs & Stratton*, 856 F.2d 186 (4th Cir. 1988).  As a result, the court cannot rule out Bank of America's negligence as a proximate cause of Simons's injuries.

### Negligent Enablement of Imposter Fraud

Bank of America asserts that Simons's claim is essentially one sounding in the tort of negligent enablement of imposter fraud because Simons is attempting to hold Bank of America responsible for negligently enabling an imposter to issue fraudulent checks.  Neither Simons nor Wal-Mart pleaded this cause of action.

The South Carolina Supreme Court has held that the tort of negligent enablement of imposter fraud is not recognized in South Carolina.  *Huggins v. Citibank, N.A.*, 355 S.C. 329, 334, 585 S.E.2d 275, 278 (2003).  In that case, a plaintiff brought a negligence action against banks that issued a credit card in the plaintiff's name to an unknown imposter.  *Id.* at 331, 585 S.E.2d at 276.  The imposter then used the credit cards leaving the plaintiff with the accrued debt and a damaged credit history.  *Id.*  The United States District Court for the District of South Carolina certified the question to the South Carolina Supreme Court of whether South Carolina recognized the tort of negligent enablement of imposter fraud.  The South Carolina Supreme Court determined that there

7

was "no duty on the part of credit card issuer to protect potential victims of identity theft" and as a result, no negligence cause of action available in South Carolina for such claims. *Id.* at 334, 585 S.E.2d at 278.

This case is distinguishable, primarily because the banks in *Huggins* played no role in facilitating the imposter's access to the plaintiff's personal financial information. In the present case, Bank of America's negligence allegedly allowed the fraudfeasor to come into possession of Simons's checks. Additionally, the plaintiff in *Huggins* was not a customer of the banks that issued the credit card. Here, Bank of America clearly owed a duty to Simons as its customer. For these reasons, Simons's negligence claim against Bank of America is distinguishable from the claim brought in the *Huggins* case, and its holding is not applicable in this case.

### A.     Equitable Indemnification[3]

South Carolina recognizes claims for equitable indemnification. Indemnity refers to "that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party." *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 303 S.C. 52, 56, 398 S.E.2d 500, 502 (Ct. App. 1990), *aff'd,* 307 S.C. 128, 414 S.E.2d 118 (1992). "A right to indemnity may arise by contract (express or implied) or by operation of law as a matter of equity between the first and second party." *Id.*

In tort actions, where one party is "compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, [the party] may maintain an action over for indemnity against the person whose wrong has thus been

---

[3] In its Motion to Dismiss Wal-Mart's Amended Cross Claims [Dkt. No. 32], Bank of America does not explicitly address Wal-Mart's equitable indemnification claim.

imputed to him." *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 60, 518 S.E.2d 301, 305 (Ct. App. 1999).  A party's right to bring an action for equitable indemnity is "subject to the proviso that no personal negligence of his own has joined in causing the injury." *Id.*  As a result, a party asserting a claim for equitable indemnification may recover damages only if he proves "(1) the indemnitor was liable for causing the plaintiff's damages; (2) the indemnitee was exonerated from any liability for those damages; and (3) the indemnitee suffered damages as a result of the plaintiff's claims against it, which were eventually proven to be the fault of the indemnitor." *Fowler v. Hunter*, 388 S.C. 355, 363, 697 S.E.2d 531, 535 (2010).

In this case, it has not been established whether and to what extent Defendants Bank of America and Wal-Mart were negligent.  However, in asserting its claim for equitable indemnification, Wal-Mart has alleged that, to the extent any negligence is found in the present case, such negligence was committed solely by Bank of America.  Further, Wal-Mart has alleged specific instances in which Bank of America allegedly breached its duty to Simons as its customer.  These allegations, if taken as true, could plausibly demonstrate that Bank of America's negligence in sending Simons's checks to the wrong address and failing to issue a fraud notice about the dishonored checks is the sole and proximate cause of Simons's injuries.  To the extent Wal-Mart can prove that Bank of America shoulders all of the liability for Simons's injuries, Wal-Mart could be entitled to equitable indemnity if it suffered damages as a result of Simons's claims against it.  Therefore, Wal-Mart has sufficiently pleaded this cause of action and the court cannot dismiss this cross claim.

D. **Apportionment/Contribution Among Joint Tortfeasors**[4]

South Carolina recognizes the right of joint tortfeasors to seek contribution from one another. *See* S.C. Code Ann. § 15-38-10 et seq. (2011). Contribution among joint tortfeasors proceeds by way of South Carolina's comparative negligence scheme in which

> joint and several liability does not apply to any defendant whose conduct is determined to be less than fifty percent of the total fault for the indivisible damages as compared with the total of: (i) the fault of all the defendants; and (ii) the fault (comparative negligence), if any, of plaintiff."

S.C. Code Ann. § 15-38-15. Therefore, a party "may recover damages if his or her negligence is not greater than" that of the other party. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991). Stated differently, "[a] defendant whose conduct is determined to be less than fifty percent of the total fault shall only be liable for that percentage of the indivisible damages determined by the jury or trier of fact." S.C. Code Ann. § 15-38-15.

Wal-Mart has denied any negligence in this matter, but, to the extent that it is found negligent, it seeks to share liability with Bank of America as a joint tortfeasor. In addition to the specific factual allegations of Bank of America's negligence toward Simons outlined in Wal-Mart's cross claims, Wal-Mart has also alleged that Bank of America "possesses an identifiable difference in degree of fault" such that any payments Wal-Mart makes to Simons should be offset by Bank of America according to each defendant's relative fault. As a result, Wal-Mart's has sufficiently pleaded its cause of action for contribution, and the court cannot dismiss this cross claim.

---

[4] In its Motion to Dismiss Wal-Mart's Amended Cross Claims [Dkt. No. 32], Bank of America does not explicitly address Wal-Mart's claim for contribution.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Bank of America's Motion to Dismiss Wal-Mart's Amended Cross Claims [Dkt. No. 32].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 1, 2013
Greenville, South Carolina