# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENVOOD DIVISION

| | |
|---|---|
| Brian Simons, ) | Civil Action No. 8:11-03180-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Wal-Mart Stores East, L.P., and Bank of ) | |
| America, N.A., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Brian Simons ("Simons") filed this action against Defendants Wal-Mart Stores East, L.P. ("Wal-Mart") and Bank of America, N.A. ("BOA") (collectively "Defendants") seeking monetary damages from Defendants after their alleged actions resulted in Simons' arrest and subsequent incarceration for one (1) night in jail.

This matter is before the court on a motion by BOA for partial summary judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 motion"). (ECF No. 132.) Simons opposes BOA's Rule 56 motion. (ECF No. 138.) For the reasons set forth below, the court **GRANTS** BOA's Rule 56 motion.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Simons are discussed below.

At all times relevant to this action, Simons maintained a checking account with BOA. (See, e.g., ECF No. 138-6 at 5:4-8.) In the latter part of 2003, Simons moved from 811 Polo Road, Columbia, South Carolina 29223 to 2908 Padgett Road, Hopkins, South Carolina 29061, which relocation was known to BOA by at least March of 2004. (ECF No. 138-1 at 2 ¶ 2, 8.) On June 15, 2004, Simons ordered a box of new checks from BOA requesting that BOA print his new address on the checks and mail them to him in Hopkins, South Carolina. (ECF Nos. 138-1

at 3 ¶ 5, 138-5 at 4.)  On or about June 16, 2004, Harland Clarke Corp., BOA's provider of personal checks, sent a box of checks to Simons' former address in Columbia, which checks were numbered 651-800 and contained the customer name and address of "Brian S. Simons, 811 Polo Rd. Apt. 1018, Columbia, SC 29223."  (ECF Nos. 138-1 at 10, 138-5 at 4.)  On July 16, 2004, Simons learned that the checks he ordered on June 15, 2004 were mailed to his former address.  (ECF No. 138-1 at 3 ¶ 7.)

Simons alleges that an unidentified person presented the following three (3) misdirected checks to Wal-Mart at its store #624 in Newberry, South Carolina for the payment of goods and services: (a) check #730 in the amount of $210.86 used on October 12, 2004; (b) check #684 in the amount of $214.75 used on October 20, 2004; and (c) check #685 in the amount of $199.05 used on October 20, 2004.  (ECF No. 108 at 4 ¶ 16.)  Wal-Mart presented the checks to BOA for payment and BOA returned the checks to Wal-Mart with check #730 bearing the stamps "REFER TO MAKER" and "INSUFFICIENT FUNDS," check #684 bearing the stamp "REFER TO MAKER," and check #685 bearing the stamp "STOP PAYMENT."[1]  (Id. at 5 ¶ 17.)  After receiving the returned checks, Wal-Mart allegedly then sought and received warrants for Simons' arrest in Newberry County.  (Id. at ¶ 18.)

On November 1, 2004, the Lexington County Sheriff's Department allegedly notified Simons that six (6) warrants had been issued for his arrest for issuing fraudulent checks.  (ECF No. 108 at 3 ¶ 12.)  On March 30, 2005, Simons completed an affidavit for BOA that identified the following checks as fraudulent:  #710, #729, #732, #737, #746, #747, #719, and #720. (ECF No. 132-2.)  On May 9, 2005, the Worthless Check Unit of the Lexington County Solicitor's Office sent letters to Wal-Mart, explaining that Simons had provided an affidavit of forgery and

---

[1] BOA did not convey this information to Simons.  The relevant bank statement fails to reference checks #730, #684, and #685.  (See ECF No. 138-11.)

a police report and that forgeries were not within the scope of the Solicitor's Worthless Check Program. (ECF No. 138-9 at 14, 19, 24, 29, 34, 39, 44, 49.) The letters advised Wal-Mart to "contact law enforcement to initiate an investigation." (Id.)

Thereafter, Simons testified that he was arrested in 2010 and detained overnight at the Newberry County Jail for warrants related to bad checks #684, #685, and #730.[2] (ECF No. 138-6 at 11:14-23.)

On November 21, 2011, Simons filed an action in this court alleging claims against Wal-Mart and BOA for negligence and false imprisonment/arrest. (ECF No. 1.) On January 2, 2012, Simons moved to amend his complaint, which request was granted by the court on January 23, 2012. (ECF Nos. 20, 26, 27.) Thereafter, in order for the pleadings to conform to the evidence produced during discovery, Simons was granted leave by the court to file a third amended complaint on September 20, 2013, which pleading alleged claims against Wal-Mart for negligence and false imprisonment/arrest and against BOA for negligence and breach of contract. (ECF Nos. 101, 106, 108.)

After Defendants fully responded to the third amended complaint, BOA filed a Rule 56 motion as to specified damages sought by Simons and the claims against it for negligence and breach of contract regarding the mailing of checks to Simons' prior address. (ECF No. 132.) In its Rule 56 motion, BOA asserted that (1) Simons' negligence and breach of contract claims based on the mailing of the checks are barred by the three (3) year statute of limitations; (2) Simons' negligence claim as to the mailing issue fails because he cannot establish that the mailing of the checks to the wrong address caused his purported injuries; and (3) the evidence

---

[2] The court notes that Simons alleges that the arrest occurred on September 17, 2010. (See, e.g., ECF No. 108 at 5 ¶ 20.) Although the court was not cited to evidence in the record to support this allegation, there does not appear to be any disagreement from BOA that Simons was arrested on that date.

does not support claims by Simons for damages of lost income, economic loss, pecuniary loss, loss of wages and damage to his credit. (ECF No. 132-1 at 2.) Simons filed opposition to BOA's Rule 56 motion on February 3, 2014, to which BOA filed a reply in support of its Rule 56 motion on February 12, 2014. (ECF Nos. 138, 140.)

On April 29, 2014, the court held a hearing on the pending Rule 56 motion.[3] (ECF No. 147.)

## II.     LEGAL STANDARD

A.     <u>Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. <u>Newport News Holdings Corp. v. Virtual City Vision</u>, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477

---

[3] At the hearing, Simons withdrew all claims for damages, except for economic loss. As a result, BOA stated that it was no longer pursuing summary judgment as to damages for economic loss. Accordingly, the court grants BOA's Rule 56 motion on Simons' claims for damages of lost income, pecuniary loss, loss of wages and damage to his credit. In addition to the foregoing, counsel for Simons orally moved for attorney's fees for having to defend against BOA's motion for partial summary judgment. (<u>See</u> ECF No. 147.)

4

U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson, 477 U.S. at 249.  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).  A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge.  See Latif v. The Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

B.     Statutes of Limitations Applicable to Breach of Contract and Negligence Actions

An action for breach of contract must be commenced within three (3) years.  S.C. Code Ann. § 15-3-530(1) (2005).  "The discovery rule applies to breach of contract actions."  Prince v. Liberty Life Ins. Co., 700 S.E.2d 280, 282 (S.C. Ct. App. 2010).  "Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence."  Maher v. Tietex Corp., 500 S.E.2d 204, 207 (S.C. Ct. App. 1998).  "The exercise of reasonable diligence" means that "an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist."  Snell v. Columbia Gun Exchange, Inc., 278 S.E.2d 333, 334 (S.C. 1981).

The statute of limitations period for a negligence action is three (3) years.  S.C. Code Ann. § 15-3-530(5) (2005) ("Within three years: (5) an action for assault, battery, or any injury

to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15–3–545; . . . .). The statute of limitations on a negligence claim accrues at the time of the negligence, or when facts and circumstances would put a person of common knowledge on notice that he might have a claim against another party. Kreutner v. David, 465 S.E.2d 88, 90 (S.C. 1995) (citing Strong v. Univ. of S.C. Sch. of Med., 447 S.E.2d 850 (S.C. 1994)). The date on which discovery should have been made is an objective, not subjective, question. Id. (citing Wiggins v. Edwards, 442 S.E.2d 169 (S.C. 1994)).

### III.  ANALYSIS

A.  The Parties' Arguments

*1. BOA's Rule 56 Motion*

As to the issue of whether it committed negligence and/or breached a contract with Simons when it misdirected checks to his former address, BOA argues that it is entitled to summary judgment because Simons learned of the facts and circumstances surrounding the alleged negligence/breach more than three (3) years before bringing this action. (ECF No. 132-1 at 6.) In support of this argument, BOA asserts that Simons' own allegations show that he had discovered BOA's alleged negligence/breach by July 2004 at the earliest, and certainly no later than November 2004. (Id. at 7, 12-13 (citing ECF No. 108 at 3 ¶¶ 10-13).) As a result, BOA argues that Simons' commencing of this lawsuit in 2011 occurred four (4) years after the statute of limitations expired in July or November 2007. (Id.)

BOA also moves for summary judgment on the issue of negligence regarding the misdirection of Simons' checks arguing that he cannot establish that the misdirection caused him any damages. (Id. at 13.) As support for this argument, BOA asserts that there is no evidence that its misdirection "made the checks more susceptible to theft." (Id. at 14.) In this regard, BOA contends that "the parties do not know and likely will never know who stole . . . [Simons']

6

checks or the location from which that person stole them . . . [and he] has offered absolutely no evidence of how or when . . . [his] checks fell into the wrong hands." (Id. at 15.) As a result, BOA argues that it is entitled to summary judgment on the negligence claim regarding the misdirection of the checks absent any evidence that the misdirection caused Simons' damages. (Id. at 16.)

### 2. *Simons' Opposition to BOA's Rule 56 Motion*

Simons opposes BOA's Rule 56 motion arguing that the motion should be denied because the statute of limitations does not begin to run until the injured party knows or should know he has been injured. (ECF No. 138 at 7.) In this regard, Simons asserts that he was not injured by BOA's breach or its negligent delivery as to checks #684, #685, and #730, until his arrest on September 17, 2010 on arrest warrants for fraudulent checks. (Id. at 8-9.) Accordingly, Simons contends that BOA's Rule 56 motion should be denied because he filed his complaint within three (3) years of his first injury from BOA's breach and/or negligence in mailing checks #684, #685, and #730. (Id. at 10.)

As to BOA's argument that he cannot establish that the misdirection caused him any damages, Simons argues that he has shown "a 'scintilla' of evidence that Bank of America was negligent in the ordering and mis[]delivery, and this negligence was a proximate cause of his injuries." (Id. at 12.) Moreover, Simons asserts that discovery is ongoing on this issue and the court "should deny BOA's Motion until such time that the parties have been able to make a full inquiry into the facts surrounding this issue." (Id. at 11.)

### 3. *BOA's Reply in Support of its Rule 56 Motion*

In reply, BOA argues that it is entitled to summary judgment on the breach of contract claim because "the statute begins running upon discovery of the breach, not upon the date injury is suffered." (ECF No. 140 at 2 (citing, e.g., RWE NuKEM Corp. v. ENSR Corp., 644 S.E.2d

730, 733 (S.C. 2007) ("Under the discovery rule, a breach of contract action accrues on the date the injured party either discovered the breach or should have discovered the breach through the exercise of reasonable diligence.").)  BOA further argues that its Rule 56 motion should be granted because the statute begins to run in an action for negligence when "'the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.'" (Id. at 4 (quoting Epstein v. Brown, 610 S.E.2d 816, 818 (S.C. 2005).)  Moreover, BOA contends that Simons did not need to suffer the substantial injury of his arrest in 2010 to start the limitations period on his negligence claim.  (Id.)  Finally, BOA asserts that even with additional discovery, it will remain pure speculation that the checks would not have been stolen but for BOA's mailing of the checks to Simons' former address.  (Id. at 11.)  As a result of the foregoing, BOA asserts that the court should grant its Rule 56 motion.

B.    The Court's Review

In this action, Simons has asserted individual claims of negligence against BOA for failing to properly train and supervise its staff; in failing to conduct a thorough and complete criminal investigation; in failing to send his checks to the proper and requested address; in failing to provide adequate statements of refusal to honor the checks; in failing to provide adequate and professional services which resulted in the dissemination of false information; in failing to refrain from making inappropriate and false statements which resulted in defamatory statements made against him; in failing to refrain from making false statements which resulted in his unlawful arrest; in failing to perform the appropriate services to make sure that any unauthorized check that was presented would be dishonored with the appropriate explanation so as to prevent him from being arrested; in failing to complete a thorough and complete internal investigation of

his fraud claim; in failing to adhere to corporate policies and procedures; in failing to mark the subject checks with appropriate reasons for return; in failing to notify vendors of the true and accurate reason for the returned checks; in failing to notify him that checks #684, #685, and 730 were returned and not paid; in failing to provide him with accurate monthly statements; in failing to comply with applicable industry and professional standards; and in failing to institute banking best practices.  (ECF No. 108 at 9-10.)  In addition, Simons alleged that BOA breached its contract with him by printing checks with the incorrect address and mailing them to the incorrect address; by failing to notify merchants that his checks were stolen and unlawfully presented for payment; by failing to notify merchants of the fraudulent activity on his account; and by failing to notify him that fraudulent checks were issued to merchants and returned for non-payment. (Id. at 11-12.)

BOA filed its Rule 56 motion only seeking summary judgment as to one aspect of Simons' claims for negligence and breach of contract.  Specifically, BOA contends that claims of negligence and breach of contract regarding its mailing of checks to Simons' former address are barred by the three (3) year statute of limitations applicable to such claims.  Upon review of the record in the context of the relevant case law, the court agrees with BOA that Simons' claims for negligence and breach of contract regarding the misdirected checks accrued on the date he learned that there were warrants in Lexington County for his arrest for issuance of fraudulent checks when he was already aware that BOA had mistakenly mailed checks to his former address.  (Referencing ECF No. 138-1 at 3 ¶ 7.)  Therefore, the court finds that Simons' claims for negligence and breach of contract regarding the misdirected checks accrued on November 1, 2004.[4]  (ECF No. 108 at 3 ¶ 12.)  As a result, the claims for negligence and breach of contract

---

[4] Moreover, on this date, Simons alleged that he believed the misdirected checks had been stolen and were being issued by someone other than himself.  (ECF No. 108 at 3 ¶ 13.)

regarding the misdirected checks are barred by the three (3) year statute of limitations because Simons did not file his lawsuit until November 21, 2011, or seven (7) years after the accrual of these claims.

In his opposition to BOA's statute of limitations argument, Simons argues that "[t]he important date under the discovery rule is the date that a plaintiff discovers the injury . . ." and he was not injured until his arrest on September 17, 2010 on arrest warrants for checks #684, #685, and #730.  (ECF No. 138 at 6-7 (quoting Tollison v. B&J Mach. Co., Inc., 812 F. Supp. 618, 620 (D.S.C. 1993) (citing Dillon Cnty. Sch. Dist. No. 2 v. Lewis Sheet Metal Works, Inc., 332 S.E.2d 555, 559 (S.C. Ct. App. 1985) ("Under the discovery rule, the statute [of limitations] does not begin to run from the date the negligent act or the breach of contract occurred; rather, the statute runs from the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence."))).)  Simons further argues that "mere inconveniences" of having to re-order checks and file an incident report with law enforcement are not injuries for limitations purposes.  (Id. at 10.)

Notwithstanding Simons' arguments, the court is persuaded that "a person of common knowledge and experience" would perceive that he had been injured by his bank after learning there were warrants for his arrest based on the fraudulent use of misdirected checks.  See generally Grooms v. Med Soc'y of S.C., 380 S.E.2d 855, 857 (S.C. Ct. App. 1989) ("A cause of action or claim for damages accrues the moment the defendant breaches a duty owed to the plaintiff. [Citation omitted.]  The law presumes the existence of at least nominal damages for the violation or infringement of a legal right . . . [and] [n]othing in the complaint, when liberally construed, reasonably suggests that the Grooms did not suffer some damages on the date they perceived that their daughter was injured."); Dillon Cnty., 332 S.E.2d at 559 ("The fact,

however, [that] the School District did not appreciate the full extent of the damage until later is immaterial . . . [and] [t]he statute of limitations period began to run at the point in time when the School District either discovered or reasonably should have discovered it had a serious roof problem and not when it learned it needed a new roof."). Therefore, after viewing the evidence as well as all favorable inferences in the light most favorable to Simons, his claims for negligence and breach of contract regarding the misdirected checks are barred because they accrued on the day he learned of his potential criminal liability for the checks BOA mailed to his former address, not on the day he was actually arrested.

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** BOA's motion for partial summary judgment as Simons' claims for negligence and breach of contract regarding the mailing of checks to his former address are barred by the applicable statute of limitations. (ECF No. 132.) In addition, the court **GRANTS** BOA's motion for partial summary judgment on Simons' claims for damages of lost income, pecuniary loss, loss of wages and damage to his credit. As a result of the foregoing, Simons' oral motion for attorney's fees for having to defend against BOA's motion for partial summary judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 29, 2014
Columbia, South Carolina

11